**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD C. OWENS, doing business as
New Light Company,

    Plaintiff - Appellant,

  v.

CITY OF LOS ANGELES; IRVING R.
ESTRADA, Trial Attorney,
individual/official
capacity; CHRISTOPHER TRAN,
official/individual capacity; KURT
KLIMEK, individual/official
capacity; AUTURO CASTELLANOS,
individual/official capacity; ANTINO
HURD, individual/official
capacity; ANDRES MUNOZ, individual
capacity; Captain T. SCOT HARRELSON,
individual/official capacity; MICHEL R.
MORE, individual/official capacity as Chief
of Police; ANTONIO RAMIREZ,
individual/official capacity; BRANDYN
MOONEY, individual/official
capacity; CHRISTOPHER ALBIZURES,
individual/official
capacity; CHRISTOPHER GELVIN,
individual/official capacity; DAVID
ORLIK, individual/official capacity; DENIS
AREVALO, individual/official

No. 25-24

D.C. No. 2:24-cv-08642-MRA-RAO

MEMORANDUM[*]

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

capacity; ELIZABETH UGARTE, individual/official capacity; EMMA UGARTE, individual/official capacity; EMMA TEYECHEA, individual/official capacity; JESUS TORIS, individual/official capacity; LUIS BLANCO, individual/official capacity; MARIO VERVERA, individual/official capacity; MARK ACEVES, individual/official capacity; MARQUIS CLARK, individual/official capacity; MICHAEL ELLWOOD, individual/official capacity; MICHAEL RANDOLPH FUKUI, individual/official capacity; REY QUINTANILLA, individual/official capacity; RICKY DAVIS, individual/official capacity; STEVEN ROBLES, individual/official capacity; EMERSON TABONE, individual/official capacity,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted July 29, 2026[**]

Before:     McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Richard C. Owens appeals pro se from the district court's judgment denying

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                    25-24

him in forma pauperis status and dismissing his 42 U.S.C. § 1983 action alleging constitutional violations during a vehicle stop and in state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Owens's claims arising out of his vehicle stop because these claims were barred by claim preclusion. *See Furnace v. Giurbino*, 838 F.3d 1019, 1023-24 (9th Cir. 2016) (explaining that the law of the state in which a prior judgment was entered determines its preclusive effect in federal court, and that "[i]n California, 'claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit'" (alterations omitted) (quoting *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015))); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (explaining that causes of action are generally the same when they involve the same parties and seek compensation for the same harm); *see also* Cal. Civ. Proc. Code § 581c(c) ("[T]he judgment of nonsuit operates as an adjudication upon the merits.").

The district court properly dismissed Owens's claims arising out of his state court proceedings as barred by the *Rooker-Feldman* doctrine because these claims

3                    25-24

amounted to a forbidden "de facto appeal" of a prior state court judgment or were "inextricably intertwined" with that judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163-66 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine).

The district court did not abuse its discretion in dismissing the action without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion (Docket Entry No. 15) for judicial notice is granted.

All other pending requests are denied.

**AFFIRMED.**

25-24